USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 1/26/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OSIRIS MOSLEY,

                Plaintiff,

v.

AVERY JENNINGS,

                Defendant.

No. 16-CV-994 (RA)

MEMORANDUM OPINION AND ORDER

RONNIE ABRAMS, District Judge:

Osiris Mosley, proceeding *pro se*, brings this action against New York City Police Officer Avery Jennings for malicious prosecution under 42 U.S.C. § 1983. Now before the Court is Defendant's motion for judgment on the pleadings or for summary judgment based on a release in a settlement agreement that Mosley entered into with the City in a different matter. For the reasons that follow, the Court construes the motion as one for summary judgment and grants it.

## BACKGROUND

The following facts are drawn from Mosley's Amended Complaint, Dkt. 7, and the exhibits and declaration attached to Defendant's motion. All facts are construed in the light most favorable to Mosley. *See Garanti Finansal Kiralama A.S. v. Aqua Marine & Trading Inc.*, 697 F.3d 59, 63–64 & n.4 (2d Cir. 2012).

Mosley alleges that he was shopping in a Rite Aid on October 17, 2011, when the store's security guard detained him and called the police. Jennings arrived on the scene and the security guard told him that Mosley had engaged in shoplifting. Jennings arrested Mosley based on the

guard's shoplifting allegations, and Mosley was charged with petit larceny and possession of stolen property. In August 2013, the charges against Mosley were dropped. Mosley alleges that he never took any property from the store unlawfully.

A few years later, while Mosley was incarcerated at a New York City correctional facility, he allegedly slipped and fell while exiting the shower. *See* Dkt. 29-2. In January 2016, he filed a Notice of Claim with the City of New York, alleging that he was injured as a result of his fall and that the bathroom was neither properly maintained nor did it have proper warning signage for the slippery floor. *Id.*

Over the next few months, Mosley concurrently filed his complaint in this lawsuit, alleging malicious prosecution, and pursued his claim based on his slip and fall. On May 17, 2016, he filed his amended complaint in this action. Nine days later, on May 26, 2016, he settled his slip-and-fall claim with the City. *See* Dkt. 29-4. That settlement agreement included the following terms:

> OSIRIS MOSLEY . . . as "RELEASOR", in consideration of the payment of $5,500.00, receipt whereof is hereby acknowledged, having received independent legal advice in this matter or having voluntarily, knowingly, and willingly waived the opportunity to seek legal advice, hereby voluntarily, knowingly, and willing releases and forever discharges the City of New York, and all past and present officials, officers, . . . [and other employees or representatives] of the City of New York . . . collectively the "RELEASEES", from any and all liability, claims, or rights of action alleging a violation of civil rights and any and all claims, causes of action . . . and demands known or unknown, at law, in equity, or by administrative regulations, which RELEASOR . . . had, now has, or hereafter can, shall, or may have . . . against the RELEASEES for, upon or by reason of any matter, cause or thing whatsoever that occurred through the date of this RELEASE.

*Id.* On the same day the agreement was signed, Gamiel A. Ramson, from the Law Offices of Gamiel A. Ramson, sent a letter to the City of New York's claim manager regarding the

2

settlement. The information in that letter, including Mosley's identification information and Mr. Ramson's tax ID number, among other things, suggest that Mr. Ramson was representing Mosley at the time. *See* Dkt. 29 ¶ 4 ; Dkt. 29-3.

Jennings now moves for judgment on the pleadings or, alternatively, for summary judgment, based on the May 2016 settlement agreement. *See* Dkt. 27. On July 21, 2017, Jennings filed and mailed to Plaintiff a notice pursuant to Local Civil Rule 12.1. This notice informed Mosley as a *pro se* litigant that Jennings "moved to dismiss the Amended Complaint pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, and has submitted additional written materials." Dkt. 28; *see* Local Civ. R. 12.1. The notice also warned Mosley that "the Court may treat this motion as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure," and emphasized that, under Rule 56, Mosley "must submit evidence, such as witness statements or documents, countering the facts asserted by the defendant and raising specific facts that support [Mosley's] claim." Dkt. 28; *see* Local Civ. R. 12.1.

After the Court *sua sponte* granted Mosley several extensions of time to respond, Mosley submitted a responsive letter dated October 11, 2017, in which he stated simply "that the settlement papers [he] signed were specially for the case signed for and have no effect on this matter whatsoever." *See* Dkt. 35. He did not attach any affidavits or other evidence to that letter.

## DISCUSSION

### A. Conversion to Summary Judgement

Jennings alternatively moves for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) and for summary judgment under Rule 56. *See* Dkt. 30 at 4 & n.3. "If, on a

motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). Parties are "deemed to have notice that a motion may be converted" into a motion for summary judgment if they "should reasonably have recognized the possibility that such a conversion would occur." *Loccenitt v. City of New York*, No. 10 CIV. 8319 JPO, 2012 WL 5278553, at *2 (S.D.N.Y. Oct. 22, 2012) (citation omitted). "Conversion of a Rule 12(c) motion to a Rule 56 motion is permissible even where the non-moving party is proceeding pro se." *Id.* "Courts in this district have concluded that a notice pursuant to Local Civil Rule 12.1 suffices to satisfy the requirement that parties be afforded a chance to offer affidavits and other evidence." *Id.* at *3 (citation omitted).

Jennings has presented to this Court the settlement agreement and other exhibits in support of his motion, but he contends that the Court can avoid converting his motion into one for summary judgment by taking judicial notice of the settlement agreement. *See* Dkt. 30 at 4. Jennings has not, however, explained why this Court should take judicial notice of the settlement agreement—let alone his other exhibits. *See Ranta v. City of New York*, No. 14-CV-3794 (SLT) (LB), 2015 WL 5821658, at *9 (E.D.N.Y. Sept. 30, 2015) (rejecting an argument similar to the one Jennings makes here). Nor has he cited any cases where a court has taken such notice. Thus, the motion shall be construed as one for summary judgment.

This Court further finds that Mosley has been "given a reasonable opportunity to present all the material that is pertinent to the motion" under Rule 12(d) of the Federal Rules of Civil Procedure. The docket reflects that Jennings properly sent Mosley a Notice under Local Civil

4

Rule 12.1. *See* Dkt. 28 at 2 (indicating that the notice was sent to Mosley by first class mail). Moreover, Defendant's motion itself informs Mosley that the motion to dismiss may be converted to one for summary judgment, *see* Dkt. 30 at 4 & n.3, and this Court *sua sponte* gave Mosley multiple extensions of time during which to respond, *see* Dkt. 33, 34. Mosley thus "was afforded a reasonable opportunity to rebut Defendant's evidence" and he "received adequate notice of the possibility of conversion." *See Loccenitt*, 2012 WL 5278553, at *2, *4. Accordingly, no additional time need be provided to the parties and the motion, construed as one for summary judgment, may be decided on the current record.

## B.  Summary Judgment Based on the Settlement Release

To succeed on a motion for summary judgment, the movant must "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*, 875 F.3d 107, 113–14 (2d Cir. 2017). "A genuine issue of material fact exists if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Nick's Garage, Inc.*, 875 F.3d at 113–14 (citation omitted). "The movant bears the burden of 'demonstrat[ing] the absence of a genuine issue of material fact.'" *Id.* at 114 (citation omitted). "The same standard applies whether summary judgment is granted on the merits or on an affirmative defense[.]" *Giordano v. Mkt. Am., Inc.*, 599 F.3d 87, 93 (2d Cir. 2010).

Here, Jennings argues that Mosley is barred from bringing this suit because Mosley released any claim he might have had against Jennings in Mosley's May 2016 settlement with the City of New York. Settlement agreements "are contracts and must therefore be construed according to general principles of contract law." *Collins v. Harrison-Bode*, 303 F.3d 429, 433

(2d Cir. 2002) (citation omitted). Under New York Law, "a release that is clear and unambiguous on its face and which is knowingly and voluntarily entered into will be enforced." *Arzu v. City of New York*, No. 13-CV-5980 (RA), 2015 WL 4635602, at *4 (S.D.N.Y. Aug. 3, 2015).[1] The general release at issue here unambiguously bars Mosley from pursuing "any and all ... rights of action alleging a violation of civil rights" against all "past and present" New York City officers or other employees "for, upon[,] or by reason of any matter, cause[,] or thing whatsoever that occurred through the date of this RELEASE," which was May 26, 2016. This case is undisputedly (1) a civil-rights action under 42 U.S.C. § 1983; (2) against a past or present officer of the City of New York; that (3) is "by reason of" actions—namely, Mosley's allegedly malicious arrest and prosecution—that were completed well before May 26, 2016. Thus, Mosley is barred from bringing this lawsuit against Jennings. "Indeed, courts in this Circuit have consistently concluded that similarly phrased releases between federal civil rights claimants and the City of New York bar suit against the City and its employees for alleged conduct predating the release." *Lloyd*, 2017 WL 2266876, at *3 (citation omitted) (gathering cases).

Mosley's only response to this argument is his unsupported assertion "that the settlement papers [he] signed were specially for the case signed for and have no effect on this matter whatsoever." *See* Dkt. 35. Such a reading of the settlement agreement, however, is contrary to

---

[1] By all indications here, the entirety of the challenged conduct in this case took place in New York, the contract was signed in New York, and the parties resided or worked in New York at all relevant times. Moreover, Defendant assumes New York law applies—an assumption to which Mosley does not object. *See Lloyd v. City of New York*, No. 15-CV-8539 (RJS), 2017 WL 2266876, at *2 (S.D.N.Y. May 22, 2017) (applying New York law when "the General Release [did] not include a choice of law provision" because the parties had "impliedly manifested their acquiescence to New York law controlling the interpretation of the General Release by relying exclusively on New York law in their submissions" (citation and internal quotation marks omitted)).

the agreement's plain language, and "[t]he unexpressed subjective intent of one party is immaterial in construing the terms of a contract." *In re Actrade Fin. Techs., Ltd.*, 424 B.R. 59, 73 (Bankr. S.D.N.Y. 2009). Moreover, Jennings has presented unrebutted objective evidence that Mosley entered into the release willingly and knowingly: Mosley seems to have been represented by a lawyer in his negotiations with the City, and Mosley certainly knew that he was pursuing the claims in this case because he had just filed an amended complaint in this action nine days before signing the settlement agreement. Mosely himself appears to concede that he signed the settlement papers, and in any event he has presented no evidence to rebut the Defendant's objective evidence that he did and did so willingly and knowingly.

## CONCLUSION

For the reasons explained above, Defendant's motion for summary judgment is granted. The Court further certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is respectfully directed to terminate the motion pending at docket number 27, enter judgment in favor of Defendant, and close this case.

SO ORDERED.

Dated:    January 26, 2018
           New York, New York

Ronnie Abrams
United States District Judge

7